FILED
SEP - 6 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BARBARA "BASIA" SKUDRZYK, a/k/a ) <br> Barbara "Basia" Najarro, ) <br> ) <br> Defendant. ) | No. **4:18CR00745 RWS/NCC** |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNTS 1 - 6
### MAIL FRAUD

A. INTRODUCTION

At all times relevant to the Indictment:

1. The Washington University Division of Medical Education, a division of Washington University's Department of Internal Medicine, coordinated and conducted medical Resident training within the University's School of Medicine.

2. The defendant, **BARBARA "BASIA" SKUDRZYK, a/k/a Barbara "Basia "Najarro,** (hereinafter referred to as "**SKUDRZYK**"), was the Business Director for the Division of Medical Education. In overseeing the operation of the Division of Medical Education, some of **SKUDRZYK's** job duties as Business Director included the hiring of outside vendors as necessary, processing outside vendor invoices, and approving and processing payments to outside vendors. Washington University's Division of Medical Education is located within the

1

Washington University Medical Center in St. Louis, Missouri, and defendant **SKUDRZYK** maintained an office at that location.

B. <u>SCHEME TO DEFRAUD</u>

3. Beginning in or about May, 2010 and continuing through on or about July 31, 2018, both dates being approximate and inclusive, in the Eastern District of Missouri and elsewhere, defendant,

**BARBARA "BASIA" SKUDRZYK, a/k/a Barbara "Basia" Najarro,**

devised, intended to devise, and knowingly participated in a scheme to defraud and obtain money from Washington University in St. Louis, Missouri, in an approximate amount in excess of $300,000, by means of materially false and fraudulent pretenses, representations, and promises.

4. It was a part of the scheme that, on one and more occasions, defendant **SKUDRZYK**, without the knowledge and authority of Washington University, hired contractors and other service providers to perform personal services for defendant. As a further part of the scheme, defendant **SKUDRZYK** then created, submitted and approved false invoices and false W-9 tax forms for these contractors and other service providers to make it appear as if they had performed work for the Washington University Division of Medical Education when, in fact and truth, they had not. Defendant **SKUDRZYK** then approved and processed payment to these contractors and other service providers from Washington University's funds. Some examples include, but are not limited to:

a. During June, 2017, defendant **SKUDRZYK**, hired a moving company to move her personal possessions from her old residence on Dunwoody Drive to her new residence on McKinley Avenue, both in St. Louis, Missouri. On or about June 16 and 28, 2017, Defendant

2

created, submitted and processed two false invoices, both purportedly for "Statistical Services for CKD Project – MIM," in the name of the individual owner of the moving company, C.R. Defendant then processed and approved payment of these false invoices causing Washington University to issue checks from its funds and mail those checks to the individual owner of the moving company in the total amount of approximately $4,000.

        b.      Defendant **SKUDRZYK** hired a cleaning company to clean her personal residence approximately twice monthly. Defendant created, submitted and processed a number of false invoices, purportedly for "CKD statistics for the Meso American Nephropathy Project at Washington University," in the name of the individual owner of the residential cleaning company, B.H. Defendant then processed and approved payment of these false invoices causing Washington University to issue checks from its funds and mail those checks to the individual owner of the cleaning company in the total amount of approximately $4,000.

        c.      During the period December, 2016 through March, 2017, defendant **SKUDRZYK** hired a law firm to handle her personal divorce legal action. Defendant created, submitted and processed a number of false invoices, purportedly for "Workshops, 'Improving Interpersonal Communications Skills,' 'Navigating Gender Bias/Contract Negotiation,' 'Financial Lecture Series,' and 'Contracts & Negotiation,'" in the name of her divorce law firm, D., M., & G. Defendant then processed and approved payment of these false invoices causing Washington University to issue checks from its funds and mail those checks to the law firm in the total amount of approximately $15,000.

        d.      During the period February, 2017 through May, 2018, defendant **SKUDRZYK** hired a painter to paint various rooms and perform other services at her personal

residence. Defendant created, submitted and processed a number of false invoices, purportedly for "CRAI Analysis-MIM," in the name of the individual painter, R.C. Defendant then processed and approved payment of these false invoices causing Washington University to issue checks from its funds and mail those checks to the individual painter in the total amount of approximately $12,000.

    e.  During April, 2018, defendant **SKUDRZYK** purchased and had installed flooring for her personal residence from a flooring company in the St. Louis, Missouri area. Defendant created, submitted and processed a false invoice, purportedly for "WUCC Wellness Consultation, Design & Implementation," in the name of the individual owner of the flooring company, G.H. Defendant then processed and approved payment of this false invoice causing Washington University to issue a check from its funds and mail that check to the individual owner of the flooring company in the total amount of approximately $6,000.

    f.  During March, 2018, at defendant **SKUDRZYK's** request, a contractor submitted a bid for construction work at defendant **SKUDRZYK's** personal residence. Defendant created, submitted and processed a false invoice, purportedly for "ESRD Nephrology Statistical Analysis" in the name of the individual owner of the construction company, J.T. Defendant then processed and approved payment of this false invoice causing Washington University to issue two checks from its funds and mail those checks to the individual owner of the construction company in the total amount of approximately $15,000. Further, at defendant **SKUDRZYK's** direction, the owner of the construction company used some of the Washington University funds to purchase new appliances, including a refrigerator, which were delivered to and installed in defendant **SKUDRZYK's** residence.

g. During the period May, 2014 through November, 2017, defendant purchased jewelry for her personal use at a jewelry boutique located in Ladue, Missouri. Despite the fact that the defendant's purchases were for personal items of jewelry, defendant directed the boutique to use terms including "Primary Care Marketing," "Med Ed Gift," and "Sponsorship," on the invoices billed to the Washington University Division of Medical Education. Defendant then processed and approved payment of these false invoices causing Washington University to issue checks from its funds and mail those checks to the boutique in the total amount of approximately $4,500.

h. During 2017, defendant **SKUDRZYK**, hired a real estate agent, D.P., to assist in the sale of her old residence on Dunwoody Drive and the purchase of her new residence on McKinley Avenue. Relative to these home transactions, the real estate agent received commissions totaling approximately $10,800 from the title companies at the time of the real estate closings. During July, 2017, defendant **SKUDRZYK** created, submitted and processed a false invoice, purportedly for "Primary Care Marketing and Brochure Printing, 500 Booklets," in the name of the individual real estate agent for $10,000. Defendant then processed and approved payment of this false invoice causing Washington University to issue a check from its funds and mail the check to the real estate agent in the amount of $10,000. The real estate agent, having already received his real estate commission through the title companies, then issued a check in the same amount, $10,000, from his personal checking account to defendant **SKUDRZYK**, which check defendant endorsed and deposited into her own personal checking account.

i. During 2016, E.D., a friend of defendant **SKUDRZYK,** travelled to Poland with defendant. Defendant created, submitted and processed a false invoice in order to reimburse

5

E.D. for the price of her airline ticket. Defendant then processed and approved payment of this false invoice causing Washington University to issue a check from its funds and mail the check to E.D. in the amount of $1,000. Further, during 2017, defendant **SKUDRZYK** borrowed $1,000 from E.D., purportedly to help pay for defendant's divorce attorney. Defendant then falsely directed the Washington University Division of Medical Education to pay E.D. for "40 hours of work at $25/hr" for purported "CRAI statistical analysis of our MIM program." As a result of defendant's direction, Washington University then issued a check in the amount of $1,000 and mailed the check to E.D.

5. It was a further part of the scheme that, on one and more occasions, beginning as early as during 2010 and continuing through June, 2018, defendant **SKUDRZYK** purchased VISA gift cards, usually in $100 increments, at the Washington University bookstore and directed the bookstore to charge the Washington University Division of Medical Education for the VISA gift cards. Further, in order to conceal her scheme, on one and more occasions when defendant purchased these VISA gift cards, defendant falsely signed and forged the signature of another Division employee on the bookstore receipt. Defendant then processed and approved payment of these bookstore charges, causing Washington University to issue its funds to the bookstore in payment for these gift card purchases. Defendant **SKUDRZYK** then used one and more of these purchased VISA gift cards for her own personal use, using them to make purchases unrelated to the business and operations of the Washington University Division of Medical Education at businesses including, but not limited to, Pediatric Dentistry of Sunset Hills, Filomena's Italian Kitchen, Waterway, Dunkin Donuts, Schnuck's Stores, Chick-Fil-A, Ace Hardware, Farotto's, Nachomama's, Michael's, European Wax Center, CVS Pharmacy, and Fresh Thyme Market.

Defendant caused Washington University to purchase approximately $140,000 in VISA gift cards which were used by defendant for her personal use without the knowledge and authority of the Washington University Division of Medical Education.

6. It was a further part of the scheme that, on one and more occasions, between March, 2016 and July, 2018, defendant **SKUDRZYK** edited, revised and changed invoices from two different Travel Companies to make it appear that the charges for airplane flights on those invoices were for legitimate business of the Washington University Division of Medical Education when, in fact and in truth, the charges were for the personal travel of defendant, her family members, and other employees of the Division. For example, defendant **SKUDRZYK** travelled for personal reasons, unrelated to the business of Washington University, to Krakow, Poland on several different occasions, to West Palm Beach, Florida, Toronto, Canada, Chicago, Illinois, Baltimore, Maryland, Dallas, Texas, New York City, New York, and San Antonio, Texas. Defendant **SKUDRZYK** travelled for personal reasons with her two children, unrelated to the business of Washington University, to Phoenix, Arizona, Krakow, Poland, Munich, Germany, and Bangkok, Thailand. Related to these many trips, defendant edited, revised and changed the invoices from the two travel companies to make it appear as if the travel was for legitimate Washington University Division of Medical Education business by, for example, changing the billing address to Washington University, and by including phrases such as "Consortium Global Health Universities" on the falsely revised invoices. Defendant then processed and approved payment of these false invoices causing Washington University to issue checks from its funds and mail those checks to the two Travel companies in the total amount of approximately $100,000.

7

C. THE MAILINGS

7. On or about the dates listed below, within the Eastern District of Missouri and elsewhere, for the purpose of executing the above-described scheme to defraud and to obtain money and property by means of false and fraudulent pretenses and representations, the defendant knowingly caused Washington University in St. Louis, Missouri to mail checks through the United States Postal Service in the amounts and to the individuals identified below:

| **COUNT** | **DATE** | **CHECK NUMBER** | **AMOUNT** | **RECIPIENT** |
|---|---|---|---|---|
| 1 | May 31, 2017 | 397703 | $1,000.00 | E.D. |
| 2 | June 8, 2017 | 401627 | $5,000.00 | D., M., & G. |
| 3 | June 20, 2017 | 408656 | $1,255.00 | C.R. |
| 4 | April 4, 2018 | 538753 | $9,300.00 | J.T. |
| 5 | April 10, 2018 | 540879 | $2,900.00 | R.C. |
| 6 | May 8, 2018 | 552361 | $5,731.18 | G.H. |

All in violation of Title 18, United States Code, Section 1341.

**FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1341 as set forth in Counts 1-6, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violations.

3. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. $3,374 received from J.T. representing the remaining balance of funds paid to J.T. by defendant with funds from Washington University.

4. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

FOREPERSON

JEFFREY B. JENSEN
United States Attorney

HAL GOLDSMITH, 62501
Assistant United States Attorney